**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

      **Plaintiff/Respondent,**

  vs.                                    NO. 05CV0484 RB/WDS
                                          NO. 05CR720 RB

**ANDRES CARMONA-MIRANDA,**

      **Defendant/Movant**

**MAGISTRATE JUDGE'S PROPOSED**
**FINDINGS AND RECOMMENDED DISPOSITION[1]**

On April 6, 2005, Andres Carmona-Miranda was indicted in United States District Court For the District of New Mexico under 8 U.S.C. § 1326(a)(1) and (2) and 8 U.S.C. §1326(b)(2), Reentry of a Deported Alien Previously Convicted of an Aggravated Felony. On April 26, 2005 and June 22, 2005, Mr. Carmona-Miranda filed petitions for habeas corpus relief pursuant to 28 U.S.C. §2255. (Docs. 1 and 10)  The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds the Petitioner's motions are premature and should be dismissed without prejudice.  Because the issues are resolved on the pleadings, an evidentiary hearing is not necessary. 28 U. S. C. §2255; *Trice v. Ward* 196, F. 3d 1151, 1159 (10th Cir. 1999), cert. denied, 531 U. S. 835 (2000).  The court makes the following findings and recommended disposition.

---

[1]Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

### Claims

Carmona-Miranda seeks federal review of his arrest under 8 U.S.C. §1326(a)(1) and (2) and 8 U.S.C. §1326(b)(2), Reentry of a Deported Alien Previously Convicted of an Aggravated Felony, as well as review of the underlying deportation hearing.

### Factual and Procedural Background.

Petitioner is a former resident alien who was deported in absentia on October 3, 2000. On July 1, 2004 Petitioner was arrested in Hope, New Mexico, and he was removed to Mexico on September 13, 2004. On October 31, 2004 he was found in the United States. On April 6, 2005 he was indicted for reentry of a deported alien previously convicted of an aggravated felony. On February 2, 2006 Petitioner entered a conditional guilty plea to the above charge, and he currently awaits sentencing. Pursuant to the plea agreement, Petitioner has reserved the right to appeal the District Court's Memorandum Opinion and Order denying Petitioner's Motion to Dismiss Indictment Based on Fundamentally Unfair Immigration Hearing.

### Analysis

Although 28 U.S.C. §2255 proclaims that a "motion for such relief may be made at any time," it is a judicial commonplace that "the writ of habeas corpus will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178, 67 S. Ct. 1588, 1590, 91 L. Ed. 1982 (1947); accord, e.g., *Adams v. United States ex rel. McCann*, 317 U.S. 269, 274, 63 S. Ct. 236, 87 L. Ed. 268 (1942). The habeas corpus procedure cannot be utilized as a surrogate appeal to pursue errors in federal courts where direct review is still available. *Cotner v. Oklahoma*, 1980 U.S. Dist. LEXIS 17089 (D. Okla. 1980).

Although Carmona-Miranda's *pro se* petition is less than artfully pleaded, the heart of the

issue is the legitimacy of the October 3, 2000 deportation order. The legitimacy of the order was the subject of a motion before the trial court in the criminal case. On October 27, 2005, District Judge Robert Brack ruled that Carmona-Miranda had "failed to show a reasonable likelihood that the Attorney General would have selected [him] for §212(c) relief[2] from among the large number of eligible aliens," and denied petitioner's motion to dismiss the indictment for illegal reentry. Petitioner's conditional plea agreement preserves his right to appeal Judge Brack's October 27 ruling to the Tenth Circuit. The Court sees no justification under these circumstances to simultaneously entertain the identical legal issue in the framework of a habeas corpus petition.

## Recommended Disposition

The court recommends that Petitioner's Motion Pursuant to 28 U. S. C. §2255/2241 filed April 26, 2005 and June 22, 2005 be DISMISSED WITHOUT PREJUDICE. Timely objections to the foregoing may be made pursuant to 28 U. S. C. § 636 (b)(1)(C).

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**

---

[2] Since Petitioner did not attend his deportation hearing, he did not have the opportunity to request §212(c) relief at that time.